# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-915V
Filed: May 30, 2017
Not to be Published.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JOHN GREIDER, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Influenza ("flu") vaccine; brachial |
| | * | neuritis; Parsonage-Turner |
| SECRETARY OF HEALTH | * | syndrome; no expert report; |
| AND HUMAN SERVICES, | * | petitioner's motion to dismiss granted. |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Diana L. Stadelnikas, Sarasota, FL, for petitioner.
Debra A. Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On August 7, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10–34 (2012) (the "Vaccine Act"), alleging that influenza ("flu") vaccine administered on November 5, 2013 caused him Parsonage-Turner syndrome, otherwise known as brachial plexus neuritis or neuropathy. Pet. at ¶¶ 5 and 7.

This case was initially assigned to the Special Processing Unit. When it failed to settle, the Chief Special Master transferred the case to the undersigned on December 12, 2016.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's enclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

In an Order dated January 31, 2017, the undersigned reviewed the medical records and indicated certain difficulties with petitioner's case.

On February 8, 2017, the undersigned issued an Order giving petitioner until April 12, 2017 to file an expert report in support of his allegations.

On April 10, 2017, petitioner moved for an extension of time until May 10, 2017 to file an expert report or to dismiss, which motion the undersigned granted on April 11, 2017.

On May 10, 2017, petitioner made a second motion for an extension of time until June 12, 2017 to file an expert report or to dismiss, which motion the undersigned granted on May 11, 2017.

On May 26, 2017, petitioner filed a motion to dismiss, stating that he would not be filing any further evidence, that an "investigation of the facts and science supporting his case has demonstrated to [him] that he will be unable to prove that he is entitled to compensation in the Vaccine Program," and to "proceed further in light of these circumstances would be unreasonable and waste the resources of the [undersigned, respondent,] and the Vaccine Program." Mot. at 1.

The undersigned **GRANTS** petitioner's motion for a decision dismissing his case and **DISMISSES** this case.

## FACTS

### Pre-vaccination medical records

On July 20, 2011, petitioner saw Dr. Kenneth Baird, complaining of a sore and stiff neck and left shoulder for one month. Med. recs. Ex. 6, at 90.

On October 2, 2012, petitioner saw Dr. Baird, complaining of shoulder and neck spasms and twitching for one week. Id. at 62.

On October 12, 2012, petitioner saw Dr. Baird, complaining of neck and shoulder pain, worse on the left side. Id. at 61.

On April 1, 2013, petitioner saw Dr. Baird, complaining of a left arm injury and weakness. Id. at 57. He had injured his left arm skiing. His left triceps had always been a little weak. Id. Dr. Baird diagnosed petitioner with brachial neuritis or radiculitis NOS. Id. at 58.

On September 4, 2013, petitioner saw Dr. Baird, complaining of left shoulder pain. Id. at 54. He had injured himself at the pool two weeks earlier. Id.

2

**Post-vaccination records**

On November 5, 2013, petitioner received flu vaccine. Med. recs. Ex. 1, at 1-3.

On December 27, 2013, petitioner saw Dr. Baird, complaining of a very stiff neck, and spasms and tightness in the trapezius muscles on both sides. Med. recs. Ex. 6, at 53. He had just started a new job that required him to stand for 9 and ½ hours a day. The pain started one week earlier. Id.

On January 15, 2014, an EMG/NCS of petitioner's left upper extremity was abnormal, based on the chronic-appearing left triceps innervation, diffuse slowing of bilateral median nerves across the wrist and ulnar nerve, and denervation involving primarily radial nerve-supplied muscles which could have been due to multiple lower cervical roots from C8-T11 and/or plexopathy. Med. recs. Ex. 7, at 82.

In addition, on January 15, 2014, petitioner saw Dr. Luis A. Mignucci, a neurosurgeon, telling him he was in his normal state of health until December 23, 2013 when he was cleaning and started having symptoms. Id. at 178.

On January 31, 2014, petitioner had an MRI done of his left brachial plexus with and without contrast. Id. at 58. There was no edema or abnormal enhancement along the course of the brachial plexus from the neck to the axilla. Id. Petitioner had degenerative changes with spondylosis and disc bulging of his cervical spine. Id. Dr. Warren Whitlow said the MRI of the left brachial plexus was unremarkable. Id. at 59. However, he did note the spondylosis and disc bulging of the cervical spine. Id.

On February 10, 2014, petitioner had cervical spinal discectomy and fusion because of cervical spondylosis with canal stenosis at C5-C6 and C6-C7. Id. at 100.

These records raise the issue whether or not petitioner had true Parsonage-Turner syndrome, or residua from his cervical spine spondylosis and disc bulging. In addition, before receiving flu vaccine, petitioner hurt his left shoulder while water skiing and, at another time, after falling into a pool. After the flu vaccination, he complained of pain due to standing up at a new job and also from cleaning on December 23, 2013. The undersigned notes that the interval of time between petitioner's flu vaccination of November 5, 2013 and his claim to be in his usual state of health until December 23, 2013 is 49 days or seven weeks, which seems too long an interval to connote causation.

**DISCUSSION**

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y

3

of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Sec'y of HHS, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Petitioner must show not only that but for the vaccine, he would not have had post-vaccinal brachial neuritis, but also that the vaccine was a substantial factor in bringing about his post-vaccinal brachial neuritis.  Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The undersigned cannot rule in petitioner's favor based solely on his allegations "unsubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa-13(a)(1).

Here, no medical record substantiates petitioner having post-vaccinal brachial neuritis.   Moreover, petitioner has not filed an expert medical opinion supporting his allegations.

The undersigned **GRANTS** petitioner's motion for a decision dismissing this case and **DISMISSES** this case for failure to prove a prima facie case of causation in fact.

### CONCLUSION

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated:  May 30, 2017                                  /s/ Laura D. Millman
                                                               Laura D. Millman
                                                               Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.